# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13cv2537 TCM |
| ) | |
| THE OUTSOURCE GROUP, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Lawrence Gray (Plaintiff), proceeding pro se, alleges that The Outsource Group (Defendant) has discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e through 2000e-17.[1] Defendant moves to dismiss his allegations of discriminatory conduct occurring before March 10, 2012, on the grounds that such allegations were not timely presented in an administrative charge of discrimination. [Doc. 12] Plaintiff opposes the motion.

**Background**

On the Employment Discrimination Complaint form, Plaintiff marked that he was bringing his action pursuant to Title VII and was alleging he was terminated and not rehired because of his race, color, and gender and in retaliation. (Compl. at 1, 4, 5, ECF No. 1.) In an attached "Brief Statement: Disparate Impact (Treatment)," Plaintiff alleges he was terminated on December 7, 2007, for correctly answering a question on an online application

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

form that had been changed on the paper application to read such that his answer was incorrect. (Id. at 6.) Specifically, Plaintiff alleges that the question on the online form was whether he had ever been convicted of a crime. (Id.) He had not been, but was then serving a term of probation under a suspended imposition of sentence. (Id.) The paper application included probation in the question. (Id.) Plaintiff was told by Defendant's human resources person that he could apply to be rehired after his probation ended. (Id.) Plaintiff has repeatedly done so between 2008 and November 12, 2012, but has not been rehired. (Id.) Plaintiff also alleges that Defendant has retaliated against him for filing a charge of discrimination.[2] (Id.)

On January 4, 2013, Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Id.) Citing 42 U.S.C. § 2000e-5(e)(1), Defendant argues that any allegations of discriminatory conduct occurring more than 300 days before January 4, 2013, are untimely. Plaintiff counters that Defendant has waived its timeliness argument by not raising it before the EEOC or before the Missouri Commission on Human Rights (MCHR) and that, regardless, all his allegations are timely under continuing violation and discovery theories.

## Discussion

"Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, []he must file a timely charge with the EEOC or a state or local agency with authority to seek relief." **Richter v. Advance Auto Parts, Inc.**, 686 F.3d 847, 850 (8th Cir.

---

[2]In its reply in support of the motion to dismiss, Defendant has withdrawn its request that the retaliation charge be dismissed insofar as it relates to allegations of events occurring before March 10, 2012.

2012) (citing § 2000e-5(e)(1)).  "In Missouri, this obligation must be discharged within 300 days of the [adverse employment action]." **Brooks v. Midwest Heart Group**, 655 F.3d 796, 800 (8th Cir. 2011).  See also **Nat'l RR Passenger Corp. v. Morgan**, 536 U.S. 101, 109 (2002) (300 day limit applies to charges filed in States with "entit[ies] with authority to grant or seek relief with respect to the alleged unlawful practice").

Plaintiff alleges that he was fired in December 2007 and then repeatedly not rehired for discriminatory reasons.  He contends that these are not discrete acts subject to the 300-day limitation, but are continuing violations.

A critical question to be answered when considering the application of the 300-day period is "[w]hat constitutes an 'unlawful employment practice'" to start the period running. See **Id.** at 109-10.  In **Morgan**, the former employee argued that all his claims of discriminatory conduct were timely, including those occurring more than 300 days before he filed his EEOC charge, because the word "practice" in § 2000e-5(e)(1) "connotes an ongoing violation that can endure or recur over a period of time." **Id.** at 110.  Noting that 42 U.S.C. § 2000e-2 "explains in great detail the sorts of actions that qualify as '[u]nlawful employment practices,'" including "'to fail or refuse to hire or to discharge any individual,'" the Court rejected the argument. **Id.** at 111 (alteration in original).  The Court held that "[t]here is simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purposes of timely filing.'" **Id.**  "[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." **Id.** at 112. And, discrete acts occur on the day they happen. **Mems v. City of St. Paul,**

**Dep't of Fire and Safety Servs.**, 327 F.3d 771, 785 (8th Cir. 2003) (citing Morgan, 536 U.S. at 110).

Similar to Plaintiff, the former employee in **Tademe v. St. Cloud State Univ.**, 328 F.3d 982, 987 (8th Cir. 2003), argued that his discrimination claims were not barred by his failure to file a charge within 300 days of the challenged acts because "[a] plaintiff may challenge incidents which occurred outside the statute of limitations period if the various acts of discrimination constitute a continuing pattern of discrimination." (Alteration in original.) The Eighth Circuit noted that under the holding in **Morgan**, 536 U.S. at 114-15, "each occurrence starts a new clock for purposes of filing charges related to that act, and an employee must file charges within . . . 300 days . . . of a discrete discriminatory act." **Id.** at 987-88. The court then held that the challenged decisions on tenure and promotion were discrete acts occurring outside the limitations period and were untimely, regardless whether the effects of those decisions "were felt much later." **Id.** at 988. In **Wedow v. City of Kansas City, Mo.**, 442 F.3d 661, 670 (8th Cir. 2006), the court noted the holding of **Tademe** applied to "the disparate treatment context."

Applying **Morgan** and Eighth Circuit precedent, Plaintiff's claims relating to his December 2007 termination are time-barred under § 2000e-5(e)(1). His claims relating to Defendant's failure to rehire him are also time-barred when that failure occurred before March 10, 2012. The failure was in response to discrete applications submitted by Plaintiff.[3]

---

[3] The Court notes that Plaintiff alleges he was told after two years, presumably sometime in 2009 or 2010, that he was permanently in Defendant's system and was not to call anymore. (Compl. at 6.) He further alleges, however, that he continued to apply until November 12, 2012.

Plaintiff further argues that all his claims are timely under the discovery rule, i.e., he did not know discrimination had occurred until a pattern established itself. (Pl.'s Resp. at 2-3.) Insofar as this argument is a rephrasing of his continuing violation position, it is without merit for the reasons set forth above. It is also without merit insofar as Plaintiff argues he did not know earlier of the basis – discrimination – for his injuries.

"In a federal question case, and in the absence of a contrary directive from Congress, the 'discovery rule,' according to which a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation, is used to determine when a plaintiff's federal claim accrues." **Union Pacific R. Co. v. Beckham**, 138 F.3d 325, 330 (8th Cir. 1998). Plaintiff knew in December 2007 he was terminated. He also knew his later employment applications were not being accepted. "The limitations periods begin to run even if the employee is not aware of the discriminatory effect or the employer's discriminatory motivation in taking the adverse employment action." **Henderson v. Ford Motor Co.**, 403 F.3d 1026, 1032 (8th Cir. 2005). See also **Wastak v. Lehigh Valley Health Network**, 342 F.3d 281, 287 (3rd Cir. 2003) (same holding) (citing employment discrimination cases from other circuits with similar holdings).

Although Plaintiff failed to timely file his charge of discrimination on acts occurring before March 10, 2012, the "filing of a timely charge . . . with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." **Zipes v. Trans World Airlines, Inc.**, 455 U.S. 385, 393 (1982).

"The doctrine of equitable estoppel applies when the employee knows []he has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file [his] suit." **Henderson**, 403 F.3d at 1033. There is no allegation that Defendant took any such action.

The doctrine of equitable tolling "focuses on the employee's ignorance of a claim, not on any possible misconduct by the employer, and tolls the limitations period when the plaintiff, 'despite all due diligence is unable to obtain vital information bearing on the existence of his claim.'" **Id.** (quoting Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 2005)). The question then "is 'whether a reasonable person in the plaintiff's position would have been aware' that [his] rights had been violated.'" **Id.** (quoting Dring, 58 F.3d at 1329). In applying this doctrine, "[c]ertainity is not the standard." **Id.** Instead, "[t]o determine whether a plaintiff in fact lacked vital information, a court should ask whether a reasonable person in the plaintiff's position would have been aware that he had" been discriminated against in violation of Title VII. **Dring**, 58 F.3d at 1329 (internal quotations omitted). A plaintiff has the burden of proving entitlement to the doctrine of equitable tolling, which should only be applied in "exceptional circumstances truly beyond the plaintiff's control." **Jenkins v. Mabus**, 646 F.3d 1023, 1028-29 (8th Cir. 2011). Plaintiff alleges only that he did not discern that there was a discriminatory motive behind the complained-of acts until a pattern had established itself. This pattern apparently took five years to become evident[4] and is insufficient for the doctrine to apply.

---

[4]This is the length of time between Plaintiff's termination and the filing of his charge of discrimination.

Plaintiff contends that Defendant waived the timeliness argument by not raising it in the administrative proceedings. In support of his position, he cites **Ramirez v. Sec'y, U.S. Dep't of Transp.**, 686 F.3d 1239, 1250-51 (11th Cir. 2012), and **Farrow v. St. Francis Med. Ctr.**, 407 S.W.3d 579, 588 (Mo. 2013) (en banc). In the Eleventh Circuit case, the court held that the defendant, a government agency, was bound by a decision of the EEOC that an administrative complaint filed with the agency's EEO counselor was not untimely. The court noted that "[s]ignificantly, the [defendant] did not challenge this ruling. Rather, it accepted [the complaint], investigated his allegations, and denied him relief on the merits." **Id.** at 1251. The court concluded that, on *those* facts, the defendant was bound by the EEOC's decision. In the instant case, the EEOC marked the box on its right-to-sue letter indicating that it "was unable to conclude that the information obtained establishes violations of the statutes." (Pl.'s Reply Ex. A, ECF No. 27-1.) The lack of a mark by the box indicating that the charge was not timely filed does not equate to a finding that it was, especially given Plaintiff's allegations in his charge of a continuing violation.

Nor is Plaintiff's reliance on **Farrow**, supra, availing because that case was brought under the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010-.137, not Title VII.

### Conclusion

Plaintiff's allegations of discriminatory conduct occurring before March 10, 2012, whether they be of termination, failure to rehire, or retaliation, are untimely and will be dismissed. His claims of discriminatory conduct on or after March 10, 2012, are not dismissed. Accordingly,

**IT IS HEREBY ORDERED** that the motion of The Outsource Group for partial dismissal or, in the alternative, to strike certain allegations of the complaint is **GRANTED** in part and **DENIED** in part as set forth above. [Doc. 12]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of April, 2014.