# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13cv2537 TCM |
| ) | |
| THE OUTSOURCE GROUP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Lawrence Gray (Plaintiff) moves this Court for leave to file a first amended complaint. The Outsource Group (Defendant) opposes the motion on grounds of futility.

Plaintiff requests in his motion to amend his complaint leave to include allegations he was subjected to a discriminatory hostile work environment during his 2007 employment. He argues that these allegations are not time-barred because there is a discriminatory act that falls within the statute of limitations period. In support of this allegation, Plaintiff submits a November 21, 2007, e-mail exchange between Defendant's human resources officers about Plaintiff's position relative to his background check, his termination, and whether he needed to re-apply if, within thirty days, he provided updated information that the background check results showing a felony conviction were not accurate. (Pl.'s Mot. at 5-6.)

In his reply to Defendant's opposition, Plaintiff states "he has a legal right to cure any legal deficiencies" in his original complaint and that he is "entitled to file an amended complaint if new evidence is discovered, action can be taken, justice and relief can be sought." (Pl.'s Reply at 1.) Plaintiff also argues that his allegations of a hostile work

environment are timely because those claims, the failure to hire him, the charges of unlawful termination, and retaliation are "one unlawful employment practice." (Id. at 4.)

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his complaint "once as a matter of course" within 21 days after serving it or 21 days after service of a responsive pleading, whichever is earlier. Fed.R.Civ.P. 15(a)(1). Both periods have passed. Thus, contrary to Plaintiff's position, he may not amend his complaint as a matter of right.

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "'[F]utility constitutes a valid reason for denial of a motion to amend.'" **U.S. ex. rel. Raynor v. Nat'l Rural Utilities Co-op.**, 690 F.3d 951, 958 (8th Cir. 2012) (quoting Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999)). See also **Geier v. Mo. Ethics Comm'n**, 715 F.3d 674, 678 (8th Cir. 2013) ("[W]hile Rule 15 [governing the amendment of complaints] is broadly construed to allow amendments, district courts need not indulge in futile gestures.") (internal quotations omitted).

The Court earlier granted Defendant's motion to dismiss Plaintiff's allegations of discriminatory conduct, *whether they be of termination, failure to rehire, or retaliation*, before March 10, 2012. (Order of April 7, 2014.) One week later, the Court denied Plaintiff's motion for reconsideration in which he advanced similar arguments to the ones he now raises. Indeed, the e-mail attached to Plaintiff's current motion was earlier submitted as an attachment to his motion for reconsideration.

Because the proposed amended allegations would be futile,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file first amended complaint is **DENIED** [Doc. 35]

        /s/Thomas C. Mummert, III
        THOMAS C. MUMMERT, III
        UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of May, 2014.